UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PERCIVAL MORRISON,

                        Plaintiff,

                                                                   <u>DECISION AND ORDER</u>

                                                                   04-CV-6209L

           v.

JOHN CORTRIGHT, et al.,

                        Defendants.
_____

**INTRODUCTION**

      Plaintiff, Percival Morrison, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that on March 17, 2004, while plaintiff was confined at Attica Correctional Facility, he was strip-frisked by defendant Correctional Officer John Cortright, under the supervision of defendant Sergeant M. Schiefer. Plaintiff alleges that during the search, Cortright shone a flashlight "up [plaintiff's] anus and run his middle finger between plaintiff [sic] buttocks in a wiping fashion causing plaintiff to urinate on his self." Complaint ¶ 8. Plaintiff also alleges that Cortright "rubbed up against plaintiff buttocks with his private part during the strip frisk." Complaint ¶ 10. Cortright and Schiefer were reportedly looking for drugs, but found none. Complaint ¶ 12.

Based on these allegations, plaintiff asserts claims against Cortright and Schiefer under the Eighth Amendment to the United States Constitution. Plaintiff alleges that Cortright's acts constituted a sexual assault upon plaintiff, and that Schiefer also violated plaintiff's constitutional rights by failing to intervene and stop the alleged assault. Plaintiff seeks $500,000 in compensatory and punitive damages. Defendants have moved for summary judgment.

## DISCUSSION

In *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997), the Court of Appeals for the Second Circuit stated that "there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." (Quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The court in *Boddie* also found, however, that the plaintiff had *not* stated an Eighth Amendment claim under § 1983, because he had only alleged a few incidents in which he had been "verbally harassed, touched, and pressed against without his consent" by a female correctional officer. *Id.* Although the plaintiff in *Boddie* alleged that the officer had, *inter alia*, touched his penis on one occasion, and pressed her breasts against his chest and her genital area against his penis on another occasion, *id.* at 859-60, the court held that

> [n]o single incident that [the plaintiff] described was severe enough to be "objectively, sufficiently serious." Nor were the incidents cumulatively egregious in the harm they inflicted. The isolated episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.

*Id.* (citing *Farmer*, 511 U.S. at 833- 34). *See also Davis v. Castleberry*, 364 F.Supp.2d 319, 321 (W.D.N.Y. 2005) (allegation that correctional officer grabbed inmate's penis during pat frisk was

insufficient to state constitutional claim); *Montero v. Crusie*, 153 F.Supp.2d 368, 373, 375 (S.D.N.Y. 2001) (allegation that, on several occasions, correctional officer squeezed inmate's genitalia while pat-frisking him did not show sufficiently serious deprivation to establish Eighth Amendment violation, particularly when inmate did not allege that he was physically injured by such conduct); *Williams v. Keane*, No. 95 CIV. 0379, 1997 WL 527677, at *11 (S.D.N.Y. Aug. 25, 1997) (allegation that correctional officer put his hand down inmate's pants and fondled inmate's genitals during pat frisk failed to state constitutional claim).

The conduct alleged in the case at bar, even if it occurred exactly as plaintiff claims, is no more egregious than the conduct alleged in *Boddie*. It was an isolated incident, and plaintiff suffered no physical injury. Furthermore, plaintiff does not seem to dispute that Cortright was looking for drugs. *See Davis*, 364 F.Supp.2d at 321 (noting that legitimate frisk can involve touching inmate's genital area). Regardless of Cortright's motivation, though, this one incident simply was not "objectively, sufficiently serious" enough to give rise to a constitutional claim. *Boddie*, 105 F.3d at 861.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #12) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 9, 2005.